**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIONG NICK YANG, | No. 09-17813 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-00943-JAM-KJM |
| v. | |
| JEANNE S. WOODFORD, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted December 1, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District
Judge.**

Xiong Nick Yang appeals from the denial of his petition for a writ of habeas

corpus arising out of his convictions in California state court. We affirm. Because

the parties are familiar with the history of the case, we need not recite it here.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern district of Ohio, sitting by designation.

The California state court decision denying relief was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d).

In this case, co-defendants entered into plea agreements, but sentencing was deferred until after Yang's trial. Yang contends that the plea agreements were structured to prevent his co-defendants from testifying and, if they had testified, they would have identified a different person as the actual shooter in the incident. The state court's conclusion that the plea structuring was not misconduct that "infected the entire trial" was not objectively unreasonable. After carefully considering the evidence and the record, we conclude that the state court's determination was not "so lacking in justification that [it] was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter,* 131 S. Ct. 770, 786-87 (2011). A fairminded jurist could conclude that a defendant, after pleading guilty, might falsely accept responsibility for the crime in order to exculpate a co-defendant. *See, e.g., People v. Conerly,* 176 Cal. App. 4th 240, 249 (2009) ("When the evidence against a particular defendant is strong, that individual will have a powerful incentive to accept a plea offer. Following sentencing, that individual has nothing to lose by testifying on behalf of the other co-defendants and taking sole

responsibility for the crime, free of further penal consequences.").  In addition, the state court found that petitioner had failed to show prejudice, in that no other outcome of the trial would have been reasonably likely, particularly in light of aider and abetter liability under California law.  Although fair minded jurists might well draw different conclusions on these questions, the state court's resolution is sufficiently justifiable under 28 U.S.C. § 2254(d).  Therefore, the district court correctly denied federal habeas relief.

**AFFIRMED.**